# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SHARMANE MONIQUE BROWN,

        Plaintiff,

vs.

Case No. 3:16-cv-1344-J-34JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[2]

### I. Status

Sharmane Monique Brown ("Plaintiff"), who originally was found to be disabled by the Social Security Administration ("Administration"), is appealing the Administration's final decision finding that as of January 1, 2013, she is no longer disabled and therefore ineligible for continued supplemental security income ("SSI"). Plaintiff suffers from a "disc problem in [her] low back, nerve damage, depression, and asthma." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed December 27, 2016, at 125. The original finding of disability was made in July 2004 and was based upon symptoms

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

resulting from "severe spinal disorder and schizoaffective disorder." Tr. at 125; see Tr. at 104-08, 137.

The Administration conducted a review of Plaintiff's disability status, see 20 C.F.R. § 404.1594(a), and made an initial determination on January 15, 2013 that Plaintiff is no longer disabled as of January 2013, Tr. at 120-24, 125. Plaintiff sought reconsideration of that determination. Tr. at 127. The matter was referred to a State Agency Disability Hearing Officer ("hearing officer"), who held a hearing on May 20, 2013 and then issued a decision on June 20, 2013 upholding the original determination. Tr. at 135-44, 145-49.

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 150. Plaintiff, who was unrepresented at the time, failed to appear at a hearing set for March 20, 2014. Tr. at 115, 175. On that same date, the ALJ issued a Notice to Show Cause for Failure to Appear. See Tr. at 176-77. On April 8, 2014, after Plaintiff failed to respond to the Notice, the ALJ dismissed Plaintiff's request for a hearing. Tr. at 116. On November 7, 2014, the Appeals Council found that "[Plaintiff] had a good reason for not appearing at the hearing" because the Notice of Hearing and the Order to Show Cause had been sent to the incorrect address. Tr. at 118. The Appeals Council vacated the ALJ's order of dismissal and remanded the case for further proceedings. Tr. at 118.

On October 23, 2015, an ALJ presided over a hearing at which Plaintiff appeared and was represented by counsel. Tr. at 41-98. During the hearing, the ALJ heard from Plaintiff, Tr. at 53-89, and from a vocational expert ("VE"), Tr. at 91-96. Following the hearing, on February 2, 2016, the ALJ issued a Decision finding that Plaintiff's disability ended as of January 1, 2013. Tr. at 15-29. Plaintiff then requested review by the Appeals Council. Tr. at 11. On August 22, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3,

making the ALJ's Decision the final decision of the Commissioner. On October 25, 2016, Plaintiff commenced this action through counsel under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff makes two arguments on appeal. See Plaintiff's Brief (Doc. No. 14; "Pl.'s Br."), filed February 27, 2017, at 2, 14-17 (first argument), 17-22 (second argument). First, Plaintiff claims that "[t]he ALJ's finding that medical improvement occurred as of January 1, 2013, is not based on the correct legal standards or supported by substantial evidence." Pl.'s Br. at 14 (emphasis omitted). Plaintiff argues that "the ALJ did not actually compare [Plaintiff's] original medical evidence and the current medical evidence." Id. at 16. Second, Plaintiff contends that "[t]he ALJ failed to apply the correct legal standards to the medical opinions of record," id. at 17 (emphasis omitted), specifically the opinions of Dr. Odinachi Oguh and Dr. Robert Schnipper, id. at 17-22. Defendant responded on April 27, 2017 by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem.").

After a thorough review of the entire record and the parties' respective memoranda, the undersigned recommends that the Commissioner's final decision be reversed and remanded for further administrative proceedings. As to Plaintiff's first argument, the undersigned finds that the ALJ erred in determining medical improvement occurred because the ALJ did not make the required comparison between the evidence upon which the original disability determination was based and the evidence post-dating that decision.

On remand, a proper comparison of the medical evidence may impact the ALJ's findings with respect to the various medical opinions of record (Plaintiff's second argument on appeal). For this reason, the Court need not address Plaintiff's second argument. See

Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

An ALJ typically follows a five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations") when deciding whether an individual is disabled,[3] determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

When an ALJ is determining whether a disability has ended, however, the Regulations mandate following a different sequential inquiry. See 20 C.F.R. §§ 404.1594(f), 416.994(b). This sequential inquiry asks, in substance, whether a claimant (1) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (2) has experienced medical improvement; (3) has experienced medical improvement that is related to the ability to work; (4) has experienced medical improvement, but an exception to

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-4-

the medical improvement applies; (5) has current impairments that when considered in combination are severe; (6) can perform past relevant work; and (7) can perform other work that exists in the national economy. See 20 C.F.R. §§ 404.1594(f), 416.994(b).[4] "When considering a case for termination or cessation of benefits, . . . the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the Plaintiff had experienced 'medical improvement.'" Townsend v. Comm'r of Soc. Sec., No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015) (unpublished) (emphasis omitted) (citing Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982)), superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991); Hie v. Bowen, 788 F.2d 698 (11th Cir. 1986); Carbonyl v. Comm'r of Soc. Sec., No. 6:11-cv-400-Or-22DAB, 2012 WL 1946070, at *3-4 (M.D. Fla. May 11, 2012) (unpublished report and recommendation), adopted, 2012 WL 1946072, at *1 (unpublished order).

Here, prior to engaging in the seven-step sequential inquiry, the ALJ found as follows:

1. The most recent favorable medical decision finding that [Plaintiff] was disabled is the decision dated July 28, 2004. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, [Plaintiff] had the following medically determinable impairments: a spinal disorder and a schizoaffective disorder. These impairments were found to result in the following residual functional capacity [("RFC")]: no lifting or carrying more than [five] pounds on occasion, no standing/walking for more than [two] hours in a workday, no sitting for even [six] hours in a workday; simple tasks in a very low stress environment; and no dealing closely with others.

---

[4] Some cessation cases and 20 C.F.R. § 404.1594(f) (applicable to disability insurance benefits cases) refer to an eight step-sequential evaluation, in which the first step is whether the claimant is engaging in substantial gainful activity. See, e.g., Gillett v. Colvin, 237 F. Supp. 3d 1285, 1288 (M.D. Fla. 2017); Senior v. Colvin, 3:12-CV-589-J-12-JRK, 2013 WL 4781044, at *3 (M.D. Fla. Sept. 6, 2013). The applicable SSI Regulation, 20 C.F.R. § 416.994(b), does not include the substantial gainful activity step.

> 3. The medical evidence establishes that, as of January 1, 2013, [Plaintiff] had the following medically determinable impairments: degenerative disc disease, asthma, obesity, bipolar schizoaffective disorder, bursitis of the hip, enthesopathy of the knee, fibromyalgia, and osteoarthiritis of the knee. These are [Plaintiff's] current impairments.

Tr. at 16-17 (emphasis and citations omitted).

The ALJ then engaged in the sequential inquiry. At step one, the ALJ determined that "[s]ince January 1, 2013, [Plaintiff] has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that "[m]edical improvement occurred as of January 1, 2013." Tr. at 19 (emphasis and citation omitted).

Regarding Plaintiff's RFC, the ALJ determined: "As of January 1, 2013, the impairments present at the time of the CPD had decreased in medical severity to the point where [Plaintiff] had the [RFC] to perform unskilled sedentary work." Tr. at 19 (emphasis omitted). At step three, the ALJ found that "[Plaintiff's] medical improvement is related to the ability to work because it has resulted in an increase in [Plaintiff's RFC]." Tr. at 20 (emphasis and citation omitted).

At step four, although not explicitly stated, it can be inferred from the Decision that the ALJ found no exceptions apply to the medical improvement. At step five, the ALJ found that "[b]eginning on January 1, 2013, [Plaintiff] has continued to have a severe impairment or combination of impairments." Tr. at 20 (emphasis and citation omitted). Then, the ALJ found Plaintiff is currently capable of the following specific RFC:

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 416.967(a) with the following limitations: lift up to [ten] pounds occasionally; stand/walk for about [two] hours and sit for up to [six] hours in an [eight]-hour workday with normal breaks; no climbing of ladders, ropes, or scaffolds; occasional climbing

of ramps or stairs, occasional balancing, occasional stopping, occasional kneeling, occasional crouching, and occasional crawling; must avoid concentrated exposure to vibration; must avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, and gases; must avoid concentrated exposure to poorly ventilated areas; must avoid concentrated use of moving machinery; and must avoid concentrated exposure to unprotected heights. Work is limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work related decisions and routine work place changes. Work is limited to no interaction with the public, only occasional interaction with co-workers, and only occasional supervision. [Plaintiff] needs a sit/stand option (that is, defined as allowing [Plaintiff] to sit or stand alternatively, at will, provided [Plaintiff] is within employer tolerances for off task behavior).

Tr. at 20 (emphasis omitted).

The ALJ determined at step six that "[Plaintiff] has no past relevant work." Tr. at 27 (emphasis and citation omitted). The ALJ then proceeded to step seven and, after considering Plaintiff's age ("a younger individual"), education ("at least a high school education and [the ability] to communicate in English"), lack of work experience, and RFC, determined that "[b]eginning on January 1, 2013, . . . [Plaintiff] has been able to perform a significant number of jobs in the national economy." Tr. at 27 (emphasis and citation omitted). Relying on the testimony of the VE, the ALJ identified representative jobs as "[d]ocument [p]reparer, [m]icrofilming"; "[a]dresser"; and "[i]nk [p]rinter." Tr. at 28. The ALJ, therefore, concluded that "[Plaintiff's] disability ended on January 1, 2013, and [Plaintiff] has not become disabled again since that date." Tr. at 29 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to cessation of disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320,

-7-

1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The key is "whether the [Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence." Simpson, 691 F.2d at 969.

It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

In a cessation of benefits case, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." McAulay v. Heckler, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). To make the required finding of medical improvement prior to terminating benefits, an ALJ must "evaluate the

-8-

medical evidence upon which [the claimant] was originally found to be disabled," and compare it with the newer medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984); see also Simone v. Comm'r of Soc. Sec. Admin., 465 F. App'x 905, 908 (11th Cir. 2012) (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)). "Without such a comparison, no adequate finding of improvement c[an] be rendered." Vaughn, 727 F.2d at 1043; see also McAulay, 749 F.2d at 1500 (citation omitted).

As noted above, Plaintiff contends that the ALJ erred in failing to compare the medical evidence predating the CPD with the medical evidence postdating the CPD. See Pl.'s Br. at 16. Plaintiff asserts that "the ALJ essentially adopted the [hearing officer's decision] dated June 20, 2013." Id. According to Plaintiff, "the ALJ selectively cited to portions of the hearing officer's decision, but largely ignored all of the major medical evidence that supported the initial finding of disability." Id. Responding, Defendant argues that "the ALJ properly compared the medical evidence from the time of Plaintiff's July 28, 2004 CPD with the more recent medical evidence." Def.'s Mem. at 6 (citation omitted). According to Defendant, "the ALJ here did specifically discuss Plaintiff's condition and medical evidence at the time of the C[PD]." Id. at 7 n.7. Defendant asserts that "[w]hile the ALJ referenced the . . . hearing officer's summary of the pre-C[PD] evidence in his discussion, . . . the . . . hearing officer's summary of the pre-C[PD] evidence is consistent with the medical evidence from that time period." Id. (citation omitted).

The undersigned finds that the ALJ failed to properly evaluate the medical evidence predating the CPD. See generally Tr. at 15-29. Although the ALJ found that "[t]he medical evidence supports a finding that, as of January 1, 2013, there had been a decrease in medical severity of the impairments present at the time of the CPD," Tr. at 19, the ALJ did

not actually perform the required comparison of the original medical evidence with the new medical evidence, see Vaughn, 727 F.2d at 1043; see also Simone, 465 F. App'x at 908 (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)). Accordingly, the ALJ's finding that "[m]edical improvement occurred as of January 1, 2013," Tr. at 19 (emphasis omitted), cannot stand, see Vaughn, 727 F.2d at 1043 (finding error when "the ALJ focused only on current evidence of whether [the plaintiff] was disabled"); McAulay, 749 F.2d at 1500 (finding that although the ALJ referred to original medical records, "no comparison was made" and "the ALJ failed to properly address the issue of improvement"); see also Klaes v. Comm'r, Soc. Sec. Admin., 499 F. App'x 895, 896-97 (11th Cir. 2012) (finding reversible error when "[t]he ALJ did not mention, much less compare, the medical evidence of [the plaintiff's] impairments [predating the disability determination] that was relied upon to make the original . . . determination").

In establishing Plaintiff's impairments that predated the CPD, the ALJ simply relied upon the hearing officer's decision:

> As stated in Exhibit B5B,[5] "A review of the total evidence indicates [Plaintiff's] medical condition has improved. At CPD, [Plaintiff] had intractable back pain with lower extremity weakness. She was unable to ambulate upright without assistance. She required assistance with all of her activities of daily living. Dr. [Gary] Korenm[a]n opined that she was incapable of performing sedentary work."

Tr. at 19. Although the hearing officer engaged in what appears to be a comprehensive comparison of the medical evidence predating the CPD to the medical evidence postdating the CPD, see Tr. at 137-44, as noted above, the ALJ did not.

There are a number of reasons why the ALJ's reliance on the hearing officer's decision does not suffice. First, the ALJ's Decision is the one being reviewed by this Court

---

[5] Exhibit B5B contains the hearing officer's decision. See Tr. at 135-44.

as the final decision of the Commissioner, not the hearing officer's decision. Second, in quoting the hearing officer's decision, the ALJ did not do so to recognize the hearing officer's comparison of the medical evidence or to support the ALJ's own comparison of the medical evidence. Rather, the ALJ quoted it for the purpose of establishing Plaintiff's impairments at the time of the original disability determination and ultimately making the finding that "[m]edical improvement occurred as of January 1, 2013." Tr. at 19. Third, the portion of the hearing officer's decision quoted by the ALJ that describes the medical evidence predating the CPD is notably deficient. It addresses solely Plaintiff's physical impairments and does not mention Plaintiff's mental impairment. See Tr. at 19. This is significant because the ALJ, in making the original finding of disability, determined that Plaintiff suffered from schizoaffective disorder. See Tr. at 107. Thus, even if the Court were to accept the ALJ's reliance on the hearing officer's decision, the ALJ nonetheless failed to mention any medical evidence predating the CPD regarding Plaintiff's schizoaffective disorder.

For all of these reasons, reversal and remand[6] is appropriate for the ALJ to properly compare the pre-CPD evidence to the post-CPD evidence.

### V. Conclusion

In accordance with the foregoing, it is hereby **RECOMMENDED THAT**:

1. The Clerk of Court be directed to enter judgment pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

---

[6] Plaintiff in the Complaint seeks the relief of a reversal, or alternatively, remand. See Complaint (Doc. No. 1) at 3. In closing the substantive arguments in her brief, however, Plaintiff requests that the Decision "be remanded for further proceedings." Pl.'s Br. at 23. Thus, it appears Plaintiff now seeks the relief of remand. In any event, the undersigned finds that reversal with remand for further proceedings is the proper remedy.

(A) Reevaluate whether Plaintiff has medically improved to the point of being no longer disabled and therefore ineligible for SSI, being sure to compare the original medical evidence with the new medical evidence prior to making any determination of improvement;

(B) If appropriate, reevaluate the medical opinions; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on November 28, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of record